**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ex Parte: C. Daniel Vega of Chappell, Smith & Arden, P.A., Appellant,

v.

Kevin M. Barth of Barth, Ballenger & Lewis LLP, Respondent,

In Re: Stephen Evans, Employee, Claimant,

v.

Nan-ya Plastics Corp. America, Employer, and New Hampshire Insurance Company, Carrier, Defendants.

Appellate Case No. 2020-000053

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2022-UP-329
Submitted July 27, 2022 – Filed August 10, 2022

**AFFIRMED**

Desa Ballard and Harvey M. Watson, III, both of Ballard & Watson, Attorneys at Law, of West Columbia, for Appellant.

Derrick Le'Van Williams and Andrea Culler Roche, both of Mickle & Bass, LLC, of Columbia, for Respondent.

---

**PER CURIAM:** C. Daniel Vega appeals an order from the Appellate Panel of the Workers' Compensation Commission, which granted Kevin M. Barth's motion for attorney's fees.[1] On appeal, Vega argues the Appellate Panel erred by granting attorney's fees to Barth because Barth failed to provide sufficient evidence and documentation of an enforceable charging lien under which he could recover.

We find the Appellate Panel did not err by granting Barth's motion for attorney's fees. *See Bass v. Isochem*, 365 S.C. 454, 467, 617 S.E.2d 369, 376 (Ct. App. 2005) ("A reviewing court may reverse or modify a decision of an agency if the findings, inferences, conclusions, or decisions of that agency are 'clearly erroneous in view of the reliable, probative and substantial evidence on the whole record." (quoting *Bursey v. South Carolina Dep't of Health & Envtl. Control*, 360 S.C. 135, 141, 600 S.E.2d 80, 84 (Ct. App. 2004))); *id.* ("Under the scope of review established in the APA, this Court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact, but may reverse where the decision is affected by an error of law."). First, although Barth filed a motion entitled "Motion to Enforce Charging Lien" rather than the Form 61 required by the Workers' Compensation Regulations, we find Barth substantially complied with the regulations such that the Workers' Compensation Commission could approve Barth's fees. Barth's motion included the settlement amount offered to claimant during Barth's representation and the contract between himself and claimant that set forth the contingency fee agreement. *See* S.C. Code Ann. § 42-15-90(A) (2015) ("Attorney's fees . . . under this title are subject to the approval of the commission . . . ."); S.C. Code Ann. Regs. 67-1204(A) (2012) ("An attorney shall report and obtain approval of any fee for services rendered in a worker's compensation claim . . . ."); S.C. Code Ann. Regs. 67-201(A) (Supp. 2021) ("These regulations are entitled to a liberal construction in the furtherance of the purpose for which the South Carolina Workers' Compensation Law is intended."); *Brown v. Baby Girl Harper*, 410 S.C. 446, 453 n.6, 766 S.E.2d 375, 379 n.6 (2014) ("Substantial compliance has been defined as 'compliance in respect to the essential matters necessary to assure every reasonable objective of the

---

[1] Initially, Barth represented the claimant, Stephen Evans, in his workers' compensation claim. Evans later terminated Barth's representation and hired Vega, who also filed for attorney's fees, asserting he was the sole attorney entitled to a percentage of the full settlement amount.

statute.'" (quoting *Orr v. Heiman*, 12 P.3d 387, 389 (Kan. 2000))); *Jordan v. Hartford Fin. Grp., Inc.*, 435 S.C. 501, 507, 868 S.E.2d 400, 403 (Ct. App. 2021) ("The law, however, is not merely an exercise of judicial power through the mechanical manipulation of rules; it is an organic body of principles rooted in reason, ethics, and human experience. The reason for a rule must control the application of the rule[.]" (quoting *S.C. Ins. Co. v. James C. Greene & Co.*, 290 S.C. 171, 188, 348 S.E.2d 617, 626 (Ct. App. 1986))). Second, there is substantial evidence to support the Appellate Panel's finding that Barth represented the claimant on April 6, 2016, when defense counsel made the $100,000 settlement offer. *See Hutson v. S.C. State Ports Auth.*, 399 S.C. 381, 387, 732 S.E.2d 500, 503 (2012) (stating substantial evidence is evidence that, when considering the record as a whole, would allow reasonable minds to reach the same conclusion the Appellate Panel reached). Accordingly, we affirm the Appellate Panel's ruling.

**AFFIRMED.**[2]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.